I dissent. As is seen, the judge under the statute (section 1875) was authorized to employ and to contract with a reporter only "in the manner and under the limitations" as prescribed by the statute. The statute itself provides what compensation was to be paid the reporter and what fees he could charge for furnishing a transcript of his notes. The judge could not lawfully contract to pay more. The statute also provides, rather ambiguously, for the payment of expenses incurred by the reporter. As stated by the statute, they are those "actually and necessarily incurred in the performance of his part of said contract outside of the county in which he resides." The judge may not lawfully contract to pay any other or additional expenses. Hence the question is: Is it sufficiently made to appear that the claimed *Page 279 
expenses were incurred in the performance of plaintiff's part of the contract outside of the county in which he resided? In a sense it may be said that all that the plaintiff did in the premises was outside the county in which he resided, and that not anything by virtue of his contract was contemplated to be done or performed within the county in which he resided. He was employed to do work in the Sixth judicial district, to there attend the "sittings of the court," and stenographically report the court proceedings held and presided over by the judge of the district, to perform which was plaintiff's part of the contract. The contract so provided. We take judicial notice that each judicial district of the state is comprised of at lease three counties, and that the Sixth judicial district (as well as some other districts) is comprised of five counties, of which Sevier county is one, and that Richfield is the county seat of that county, and that the judge of each district is required to hold terms of court at the county seat of each county in the district. Although not expressly stated in the statute, still I think it inferable that the Legislature assumed that when the judge of a district employed and contracted with a reporter that he would contract with one residing in the district, and that the reporter in attendance upon the court and stenographically reporting court proceedings held in the county in which the reporter resided was not entitled to any traveling or other expenses; but, when attending upon the court and stenographically reporting court proceedings held in other counties in the district presided over by the judge of the district, the reporter was entitled to his traveling expenses actually and necessarily incurred in so attending upon the court and reporting such proceedings outside of the county in which the reporter resided. It is difficult to believe the Legislature intended anything more than that. Holding to the mere literal language of the statute, it might seem immaterial whether the reporter resided in the district or not, and that a reporter residing in Logan in the northern part of the state could be employed and contracted with to stenographically report court proceedings held in St. George in the southern part of the state, and be paid expenses for *Page 280 
traveling back and forth from one place to the other, as here, 16 or 17 trips within a period of 6 or 7 months. In ascertaining legislative intent, words and phrases of a statute are not always given their literal meaning, and often the letter of the statute must yield to its spirit. Such is a familiar rule of construction. 25 R.C.L. 967. I do not say it is not competent for the judge to employ and contract with a reporter residing out of the district. I think he may. But when he does the reporter must defray his own expenses in going to and from the district where his services are to be rendered and performed, as here, within the district. Plaintiff's presented claim is not for any expenses incurred within the district, but is for railroad fares and meals in making 16 or 17 trips between August 4, 1922, and March 27, 1923, from Salt Lake City to Richfield, and from Richfield to Salt Lake City, a distance of about 169 miles. The claim states the day and month of each trip and the amount paid on each for meals and railroad fare, aggregating $137.60. Such expenses in so going from his residence to the district, to there enter upon the discharge of his duties, and in returning to his residence from the district and traveling back and forth are not, as I think, expenses incurred "in the performance of his part of the contract" or of official duties. True, it was so averred, but the averment is a mere conclusion unsupported by any averred facts, and destroyed, as I think, by those which are averred. The case goes off on a demurrer to the petition. A demurrer admits only facts, well and properly pleaded, and not unwarranted conclusions from what is pleaded. Just how the plaintiff, employed to stenographically report court proceedings to be held in the Sixth judicial district, was, while traveling from Salt Lake City to Richfield and from Richfield to Salt Lake City, and back and forth from the one place to the other, in the discharge of official duties, or in the performance of his part of the contract, is difficult to understand and not at all satisfactorily made to appear. As well say that the plaintiff, who as appears by his petition now resides in Los Angeles, if employed by the judge to stenographically report court proceedings in the district, *Page 281 
in traveling from Los Angeles to the district and from the district to Los Angeles and back and forth during the term of his employment, would be engaged in the performance of his part of the contract or in the discharge of his official duties. If the judge in the one instance may contract to pay such traveling expenses, I do not see why he may not do so in the other. Under the statute, the assistant or deputy reporter can be paid compensation only for the time actually engaged in the work contracted by him to do, and I think under the statute he can be paid only for traveling or other expenses incurred in connection with and in the performance of such work, and that the traveling expenses here claimed had no such connection or relation.
Further, no statement is contained in the presented claim or any averment made in the petition tending to show the necessity of or occasion for the rather numerous trips from Salt Lake City to Richfield and from Richfield to Salt Lake City, and for aught that appears they were merely for plaintiff's convenience. In argument it was intimated that they might have been occasioned because of a want of steady or continued employment in the district, or that an assistant reporter was not to be had in the district, and that one outside of the district could not be obtained without contracting to pay him his traveling expenses back and forth from his residence to the district and from the district to his residence. That, however, is mere argument. Inferences and deductions necessarily implied from properly pleaded facts may and often do aid a pleading. But mere argument or supposed conditions or circumstances not implied by the pleaded facts do not help it, and ordinarily a pleading is construed most strongly against the pleader. Whenever hypotheses which are not necessarily implied from the pleaded facts must be indulged to support a pleading, its frailty at once becomes apparent. Had matters or circumstances of such nature been averred, how would they help the situation? That is, had it been averred that there was not steady or continued work in the district for the plaintiff, which occasioned the divers and numerous trips, the averment more clearly than now would show that the traveling back and *Page 282 
forth was not in the performance of plaintiff's part of the contract or in the discharge of his official duties. Had it been averred that there was no competent assistant reporter to be had in the district, and to obtain one the judge was required to employ a reporter residing in Salt Lake City, and because of the salary fixed by the statute, in violation of which the judge could not contract, or because of intermittences of the work the regular compensation did not financially justify the reporter entering upon the employment without an agreement to pay his traveling expenses from his residence to the district and from the district to his residence and back and forth, and for such or other reasons to obtain a reporter the judge was required to stipulate to pay his traveling expenses to and from the district, such averment again would but show that such traveling was no part of the performance of the contract on the part of the plaintiff, and a stipulation to pay such traveling expenses to be mere inducement to enter into the contract or an agreement indirectly to pay compensation or expenses in addition to that provided by the statute; to pay him not only his expenses incurred in the performance of his work and where he had contracted to perform it, in the district, and where it wholly was performed, but also those incurred by him in traveling 169 miles outside the district, not in attendance upon the court or judge, but in going back and forth 16 times in about 6 months to and from his work. I do not believe either the letter or the spirit of the statute permits the judge to enter into that kind of a contract. I therefore am of the opinion the writ should be denied.